**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Farier, | No. CV-07-1407-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Mesa, a municipal corporation, | |
| Defendant. | |

Defendant has filed a motion for sanctions against Plaintiff for failure to comply with an order requiring an independent medical examination. Dkt. #45. The motion has been fully briefed. Dkt. ##70, 73. For reasons stated below, the Court will deny the request to dismiss Plaintiff's emotional distress claim but require Plaintiff to participate in a new examination at his own expense.

**I.  Background.**

Defendant's motion seeks, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, dismissal of Plaintiff's claim for emotional distress damages as a sanction for his purported failure to comply with the Court's orders and participate in the IME in good faith. Dkt. #45. Plaintiff opposes the motion, asserting that he acted in good faith and complied with the Court's order by participating in the IME for a total of four hours. Dkt. #70.

Because Plaintiff initially resisted Defendant's request for an IME, the Court held a discovery conference call with the parties on April 10, 2008. As a result of the call, the

Court entered the following order: "Defendant may conduct an independent medical examination of Plaintiff's mental health pursuant to Rule 35 of the Federal Rules of Civil Procedure. Plaintiff has placed his mental health at issue in this case, and the Court finds good cause for the examination." Dkt. #30.

This order notwithstanding, Plaintiff resisted Defendant's efforts to schedule the IME. The result was another conference call with the Court on May 7, 2008. This call resulted in the following orders:

1. Plaintiff shall appear for the mental health examination on May 8, 2008. Plaintiff shall participate in the examination for two hours on that date. All of the accommodations identified by Defendant's physician will be available – Plaintiff may change positions, move about, stretch, sit, stand, or lie down during the examination. He may also take whatever medications are necessary for his condition.

2. If Plaintiff is unable to participate for more than two hours on May 8, 2008, he shall appear for completion of the examination on May 14, 2008. This session will also be for two hours, and all of the accommodations identified by Defendant's physician will be afforded Plaintiff.

3. The Court concludes that this is a reasonable accommodation of Plaintiff's condition and that appearance for two-hour intervals on two separate dates is necessary if Defendant's physician is to complete a mental health examination that she regards as reliable.

Dkt. #36.

Plaintiff appeared for the IME on May 8 and 14, but did not complete it. By Plaintiff's own account, he questioned the doctor's motives given her allegedly high level of compensation, raised numerous questions about routine paperwork presented at the beginning of the exam, answered some of the doctor's questions but not others, refused to complete questionnaires at home so the exam to be completed withing the allotted time, and therefore had difficulty completing the paperwork within the time allotted. Plaintiff then refused to return to complete the examination on May 15, 2008.[1] Defendant's examining physician has now moved out of state and has noted that the IME could not produce reliable results unless completed within a reasonably short period of time. Thus, if an IME of

---

[1] Plaintiff contends that he spent more than four hours attempting to complete the IME, but he does not dispute that it was not completed.

- 2 -

Plaintiff's condition is to be concluded in this case, it will need to start again from the beginning.[2]

## II. Law and Analysis.

This Circuit has established "a five-part test, with three subparts to the fifth part, to determine whether a []dispositive sanction under Rule 37(b)(2) is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of []dispositive sanctions." *Id.* (citing *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" *Id.*

The Court finds that Plaintiff acted improperly in refusing to complete the IME. Plaintiff's own account of the IME makes clear that its completion was hampered by his suspicion of Defendant's doctor, his insistence upon close and time-consuming scrutiny of routine forms, his refusal to complete questionnaires at home, and his refusal to appear for completion of the exam on May 15, 2008. These actions have rendered the IME useless in this case and have made necessary a second IME.

The Court concludes, however, that dismissal of Plaintiff's claim for emotional distress damages is not warranted on the present record. "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's [claim] is very severe." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. The Court will impose a less severe sanction.

---

[2] Briefing on this motion was delayed by the withdrawal of Plaintiff's counsel and Plaintiff's request for additional time to complete the briefing himself. Dkt. #57.

- 3 -

1 Plaintiff shall participate fully and in good faith in a new IME to be conducted within 2 30 days from the date of this order by a physician of Defendant's choosing.  The physical 3 accommodations identified in the Court's prior order will be available to Plaintiff during the 4 IME (*see* Dkt. #36), but Plaintiff shall complete the IME in two 3-hour sessions.[3]  If Plaintiff 5 fails to complete the IME, the Court will consider additional sanctions against Plaintiff, 6 including dismissing Plaintiff's claim for emotional distress damages pursuant to Rule 7 37(b)(2).  As this Circuit has made clear, a dispositive sanction is appropriate "[w]here a 8 party so damages the integrity of the discovery process that there can never be assurance of 9 proceeding on the true facts[.]" *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097; *see McMullen* 10 *v. Travelers Ins. Co.*, 278 F.2d 834, 834 (9th Cir. 1960) (dispositive sanction appropriate 11 under Rule 37(b)(2) where the plaintiff fails to submit to an IME "relevant to ascertaining 12 the truth of [an] issue"); *Young v. Office of U.S. Senate Sergeant at Arms*, 217 F.R.D. 61, 66 13 (D.D.C. 2003) (dismissing action where the plaintiff committed discovery abuses including 14 the failure to submit to an IME).

15 Plaintiff shall pay for the new IME.  If Plaintiff believes he cannot afford it, he shall 16 file an affidavit stating under oath the reasons supporting his belief.[4]  If the Court determines 17 that Plaintiff and his wife are financially indigent, the costs of the new IME will be deducted 18 from any monetary recovery Plaintiff obtains in this case.

---

[3]Plaintiff appears to have the ability to participate in three-hour sessions.  He asserts in his papers that he was at the doctor's office for more than three hours on May 14, and in a recent conference call with the Court Plaintiff objected to the interruption of his deposition in part because he was able to complete the 5-hour deposition in one session. *See* Dkt. #81.

[4]The affidavit shall include the following information with respect to both Plaintiff and his wife:  (1) employment information, (2) income from all sources, including employment, real property, interest and dividends, gifts, retirement and/or disability benefits, unemployment payments, and public assistance, (3) the value of all assets, including cash, bank accounts, real estate, vehicles, and personal property, (4) dependent information, and (5) outstanding debt and monthly expenses. *See* In Forma Pauperis Form available at the Court's website, http://www.azd.uscourts.gov/azd/courtinfo.nsf/forms?OpenView.

**IT IS ORDERED:**

1. Defendant's motion for sanctions (Dkt. #45) is **denied** to the extent it seeks dismissal of Plaintiff's claim for emotional distress damages.

2. Plaintiff shall appear for, and participate fully and in good faith in, a new mental health examination to be conducted within 30 days from the date of this order by a physician of Defendant's choosing. Plaintiff shall complete the examination in two 3-hour sessions. All of the physical accommodations identified in the Court's prior order will be available (*see* Dkt. #36). Plaintiff shall pay for the examination as set forth in this order.

3. If Plaintiff fails to complete the examination to the physician's satisfaction, the Court will consider dismissing Plaintiff's claim for emotional distress damages with prejudice pursuant to Rule 37(b)(2).

4. If Defendant intends to file an expert report based on the IME, the report shall be filed within 20 days of completion of the IME and shall comply in full with Rules 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure. Any rebuttal report shall be filed within 20 days of the expert report.

5. All other aspects the Court's case management schedule (Dkt. ##12, 57) shall remain in effect.

DATED this 22nd day of October, 2008.

_____
David G. Campbell
United States District Judge